STEPHEN F. DOWLING AND DAVID DOWLING v. SOLOMON HANNANT AND GEORGE HANNANT.

*Statutory construction—Forcible entry and detainer act—Chancery foreclosures.*

How. Stat. § 8295 (subd. 3), giving a summary remedy for securing the possession of premises sold by virtue of any mortgage or execution, applies, by its terms, only to redeemable foreclosures, and cannot cover chancery sales without enlarging it beyond its terms, and interfering with the legitimate powers of courts of equity.

Appeal from Calhoun.    (Hooker, J.)    Argued October 30, 1889.    Decided November 15, 1889.

Proceedings under forcible entry and detainer act. Defendants bring error. Reversed and proceedings quashed. The facts are stated in the opinion.

*Hulbert & Mechem,* for complainants.

*Volney H. Lockwood,* for defendants.

CAMPBELL, J.   In this case complainants were allowed in the court below to recover possession under a chancery foreclosure sale, by proceedings under the forcible entry and detainer act, commenced before an officer having the jurisdiction of a judge, at chambers.

These proceedings, which are summary, and provide for getting possession of land without the forms of law to which parties are entitled in courts of justice, are purely statutory, and cannot be allowed in any case not clearly within the statute.

Where a chancery sale is conducted under a decree in equity, the court granting the decree has full power to give possession against parties bound by the decree, and can in each case secure all the rights of persons whose interests are involved.   There is no need of other relief, and, if sought elsewhere, it may interfere with the proper control of the court of equity over its own process.

The only clause relied upon by complainants is that which gives the remedy—

"When any person shall continue in possession of any premises, sold by virtue of any mortgage or execution, after the expiration of the time limited by law for the redemption of such premises."   Subdivision 3, § 8294, How. Stat.

The same subdivision applies to probate sales.

In execution and probate sales the court under which title is made has no power whatever to put purchasers into possession.   Their only remedies are by distinct possessory suit of some kind.   In execution and statutory foreclosure sales the purchaser gets only an inchoate title, contingent on failure to redeem.   In chancery sales there is no redemption.   The statute giving summary remedies

applies, by its terms, only to redeemable foreclosures, and it cannot cover chancery sales without enlarging it beyond its terms, and interfering with the legitimate powers of courts of equity.

Judgment must be reversed, and the proceedings quashed, with costs of all the courts.

SHERWOOD, C. J., CHAMPLIN and MORSE, JJ., concurred. LONG, J., did not sit.